Qpiniow of the Court, by
Judge Mills.
Matthew Henotírsoíj,' a ^resS^^^^ffliladelphia, there died, audjettgrs of adminM^^^^^we granted to his?Mdow and another in that cií|pfyiÉ|i£ proper authority)». !He^^3#or claimed sousethe county of Jessarnine. id-this state, at his fcathfvaf¡#the county court ofthat^pty, granted letters of;M|ifyytration to the presén^Pp|iff in error, who iiadluo:éfldiflÉjíMer-ed in PJii-lad'éíptii'a. For these sáme'slfwí^the'^resent plaintiff" infierror brought this/actrofi'-'-lyf detinue, and dedanS^' on the possession'-'<3f 'his testator, and himself, “a Toprove himself administrator, Re introduced the (jrde'r of the county couit of Jessamine. To contrdvert'that right, the defendant introduced an authenticated copy of the letters granted in Philadelphia, and the court instructed the jury, that as' 'administration was.granted to two persons in Philadglphia, who were Still living, the plaintiff could not recover; and this forms the only question for our decision;
Whether, before our act of assembly of 1812, 1 Dig. L. K. 536, an executor or administrator, claiming uár der foreign letters, could recover here,' mliy well %• doubted, when the authorities on that point &re consí®'*' ered. But however this may be, it is certain that from a fair construction of our act of assembly, I Dig. L. K. $27, the county courts of this state possess.htithority to grant letters of administration, • if lhere-'l§|@ny U|^te. belonging to the decedent in the county''^^fe®hpiSv may not have resided in the state át the^^^fS^jiis death. This doctrine is maintained by this courí'in the case of Jackson vs. Jeffries, 1 Marsh. 88, 3 Marsh. 309. 3t is, therefore’ clear, that the county comet of Jessamine, where these slaves were at the time.jpf'rihc decedent’s death, had-the power of grantin|^letfers of adminislra-tio^tq i1"i‘ -s>.£s — j = -•' — 11 that' ihii upon haVef, deed *278 of the plainüfpin error is absolu te, he must be vested' wpp rjg[jts 0f an administrator, and can sue for and collect the estate of his intestate.
The only remaining question, is, does the act of assembly first recited, which permits the administrator or executor, constituted such by the laws of another state, to sue, abridge or curtail the powers and capacities of the administrator appointed here?- We conceive not. The cóhvérse of the proposition is more easily maintained, and it could be more plausibly contended, that the granting administration here, curtailed the privileges of sui.t extended to the foreigner» But without giving ah$’#0sitive opinion oh this-point,'it would not Mlb^'that iif'the foreign administrator could sue and recover under the act, the domestic one could not do the same., ' It frequently happens • in our code, that two may have,the right of action for the' same thing. Such is the case'of the bailee and real owner of a chattel; either may recover it of a stranger. And in such case, generally, the recovery of one satisfies the law.. The contrary supposition must have prevailed with the court below. It is, however, the opinion of this court, that before the/passage of the act in question, the right of a foreign administrator either did not exist, or was thought doubtful by the legislature, and if no person administered here; there could be no collecting the* chattels here, to the general fund; and to obviate this mischief, the legislature intended to extend, as a matter of national courtesy, this courtesy to the foreign representative, without in any respect abridging or curtailing the authority which might be granted by our own courts. Whether this act of courtesy is suspended by the grant here, or exists concurrently with it, we conceive that the result precisely the same as to the present con* troyers^jISra the plaintiff in error had a right to maintain the" suit, the previous grant of Pennsylvania notwithstanding.
The judgment must, therefore, be reversed, and the verdict^et aside, and the cause remanded for new pro4 ceedings not inconsistent with this op ini op.